# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DENNIS PINKOZIE**                                    **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 16-11621**

**GREGORY RICKS, et al.**                              **SECTION: "G"(4)**

## ORDER

Pending before the Court is Plaintiff Dennis Pinkozie's ("Pinkozie") "Motion to Remand or, in the Alternative, Motion for Abstention under 28 U.S.C. § 1334(c)."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## I. Background

### A. *Factual Background*

In this litigation, Pinkozie alleges that Defendants Gregory Ricks, Gregory Ricks & Associates, Inc., and Gregory Ricks, L.L.C. ("Defendants") breached fiduciary, contractual, and other state law duties owed to Pinkozie by misrepresenting and omitting material facts concerning certain investments.[2] Pinkozie states that Defendants sold him $350,000 worth of investment securities involving fractional interests in the proceeds of third parties' life insurance policies

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1-3 at 1.

1

("Investments") in or around 2010.[3]  Pinkozie states that these Investments were developed by Life Partners Holdings, Inc. and/or LPI Financial Services, Inc. ("the Debtors").[4]  According to Pinkozie, Defendants falsely marketed these Investments and misrepresented the true characteristics of the Investments, the likely returns of the Investments, and the fees and/or commission that the Defendants would earn by selling the Investments.[5]

Pinkozie avers that in or around January 2015, the Debtors entered into chapter 11 bankruptcy in the Northern District of Texas.[6]  On March 11, 2016, a chapter 11 Trustee named Defendant Gregory Ricks as a defendant in an adversary proceeding for allegedly perpetrating a fraud on investors and misrepresenting key characteristics of the Investments.[7]  Pinkozie learned of Defendant Gregory Ricks' alleged misdeeds from the adversary proceeding.[8]

**B.    *Procedural Background***

Pinkozie filed his Petition in Louisiana state court on May 25, 2016, and did not name the Debtors as defendants.[9]  On June 24, 2016, Defendants filed their Notice of Removal in this Court, alleging that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 because it is "related to" the Debtors' bankruptcy proceedings pending in federal court.[10]  On June 30, 2016,

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] Rec. Doc. 1-3 at 2.

[10] Rec. Doc. 1 at 2.

Defendants filed a motion to dismiss for failure to join the Debtors as defendants or, in the alternative, to transfer Pinkozie's case to the Northern District of Texas to be referred to the bankruptcy court handling the Debtors' bankruptcy proceedings.[11]

On July 11, 2016, Pinkozie filed the instant motion to remand.[12] On July 20, 2016, the Court granted the parties' joint motion to continue the submission date of Pinkozie's motion to remand to August 17, 2016.[13] On August 9, 2016, Defendants filed an opposition.[14] With leave of court, Pinkozie filed a reply on August 19, 2016.[15]

## II. Parties' Arguments

### A.    *Defendants' Notice of Removal*

In their Notice of Removal, Defendants assert that on May 27, 2016, they received notice that this matter had been filed in state court, and timely removed it to this Court on June 24, 2016.[16] Defendants contend that this Court has original jurisdiction over this case under 28 U.S.C. § 1134 and §1452 because this matter is "related to" the bankruptcy proceedings of the Debtors pending in the United States Bankruptcy Court for the Norther District of Texas.[17] Defendants aver that they will seek to transfer this case to the Northern District of Texas, and then have the case referred

---

[11] Rec. Doc. 9.

[12] Rec. Doc. 16.

[13] Rec. Doc. 20.

[14] Rec. Doc. 24.

[15] Rec. Doc. 29.

[16] Rec. Doc. 1 at 1.

[17] *Id.* at 2.

to the bankruptcy court.[18] Thereafter, Defendants allege that they can file a third-party action under Federal Rule of Civil Procedure 14 against the Debtors, but are prevented from doing so in this Court because of the automatic stay in place.[19] Defendants also point out that Pinkozie's own complaint incorporates by reference all the allegations made in an adversary proceeding against Defendant Gregory Ricks that is pending in the bankruptcy court.[20] Thus, Defendants argue that the outcome of this case, "especially after [the] Debtors are made parties hereto, will 'conceivably have an effect on the estate being administered in bankruptcy . . . .'"[21] Accordingly, Defendants assert that this Court has subject-matter jurisdiction, and removal is proper.[22]

## B.    *Pinkozie's Arguments in Support of Remand*

In his motion, Pinkozie argues that this Court should remand this case back to Louisiana state court for lack of subject matter jurisdiction, or pursuant to the mandatory or permissive abstention provisions under 28 U.S.C. § 1334.[23] In particular, Pinkozie asserts that the Court should grant Pinkozie's motion on any of three independent grounds: (1) the Court lacks subject-matter jurisdiction, as Pinkozie's claims are allegedly not "related to" the bankruptcy proceeding because they will have no effect on the Debtors' estate; (2) even if the case was "related to" the bankruptcy proceeding, the Court must abstain from hearing this matter under the mandatory

---

[18] *Id.* at 3.

[19] *Id.*

[20] *Id.* at 4.

[21] *Id.* at 3 (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987)).

[22] *Id.*

[23] Rec. Doc. 16-1 at 1.

abstention provision of 28 U.S.C. § 1334; or (3) even if the Court does not adopt either of the first two reasons, it should decline jurisdiction based on the Court's equitable abstention and permissive remand authority.[24] Pinkozie also seeks an award of attorneys' fees and costs, as he alleges Defendants cannot set forth a good-faith basis for removal in this case.[25]

### 1.     Lack of Subject Matter Jurisdiction

First, Pinkozie asserts that he is a Louisiana domiciliary bringing only state law claims against Defendants, who are also Louisiana domiciliaries, and that this case was removed on the sole basis that Pinkozie's claims were "related to" the Debtors' bankruptcy proceedings.[26] According to Pinkozie, a federal bankruptcy court has jurisdiction over "all civil proceedings . . . arising in or related to cases under title 11," and such cases originally filed in state court may be removed "to the district court for the district where such civil action is pending."[27] Pinkozie argues that, in the Fifth Circuit, a proceeding is "related to" a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[28] Pinkozie asserts that the Fifth Circuit has cautioned that the "related to" language is not limitless or as broad as "having some connection with;" rather, "the proceeding must be capable of affecting the bankruptcy estate."[29] According to Pinkozie, the Fifth Circuit has further

---

[24] Rec. Doc. 16 at 2.

[25] *Id.*

[26] Rec. Doc. 16-1 at 1–2.

[27] *Id.* at 5 (citing 28 U.S.C. § 1334(b), 1452(a)).

[28] *Id.* (citing *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987)).

[29] *Id.* at 6 (citing *Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)); *In re Bass*, 171 F.3d 1016, 1022–23 (5th Cir. 1999)).

clarified that "an action is related to bankruptcy if the outcome could alter the *debtor's* rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the bankrupt *estate*."[30] Pinkozie argues that "conversely the bankruptcy court has no jurisdiction over a matter that does not affect the *debtor*."[31] Pinkozie further asserts that "bankruptcy jurisdiction does not extend to state law actions between non-debtors over non-estate property."[32]

Here, Pinkozie argues that this Court lacks jurisdiction over this matter, and thus removal was improper, because he only alleged state law claims against the non-debtor Defendants and made no claim to the Debtors' estate.[33] Pinkozie further avers that the Debtors were not named as defendants in his case, and the outcome of this action would in no way bind the Debtors.[34] Thus, Pinkozie alleges, it is not "related to" the Debtors' bankruptcy estate.[35] Pinkozie cites to the Third Circuit's decision in *Pacor Inc., v. Higgins*, where the court held an action that is only "a mere precursor to a potential third party claim for indemnification" by the defendant against the bankrupt party is not "related to" the bankruptcy proceeding, as the action could not bind the bankrupt party or determine any of its rights, liability, or courses of action.[36] According to

---

[30] *Id.* (citing *Zale Corp.*, 62 F.3d at 752; *Celotex Corp.*, 514 U.S. at 308 n.6) (emphasis in original).

[31] *Id.* (emphasis in original).

[32] *Id.* (citing *In re TMT Procurement Corp.*, 764 F.3d 512, 526 (5th Cir. 2014)).

[33] *Id.*

[34] *Id.* at 4, 8.

[35] *Id.* at 8.

[36] *Id.* at 7–8 (citing 743 F.2d 984, 985–86 (3d Cir. 1984)).

Pinkozie, the Fifth Circuit has expressly adopted the *Pacor* test.[37]  Like in *Pacor*, Pinkozie asserts that it is irrelevant whether Defendants may eventually join the Debtors through a third-party action or seek indemnification.[38]  Moreover, Pinkozie argues that merely incorporating by reference the allegations made in the adversary proceeding pending in the bankruptcy court is not enough, as "shared facts . . . do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy."[39]

## 2.  Mandatory Abstention

Second, Pinkozie avers that even if his action is "related to" the bankruptcy proceedings, this Court must abstain and remand the case back to state court pursuant to 28 U.S.C. § 1334(c)(2).[40]  According to Pinkozie, the Bankruptcy Code's mandatory abstention provision provides that federal courts must abstain from actions asserting state law claims that are "related to" a case under title 11 "but not arising under title 11."[41]  Pinkozie contends that mandatory abstention is required when: (1) "[a] motion has been timely filed requesting abstention;" (2) "[t]he cause of action is essentially one that is premised on state law;" (3) "[t]he proceeding is non-core or related to the bankruptcy case;" (4) "[t]he proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case;" and (5) "[t]he proceeding

---

[37] *Id.* at 7–8 n.2 (citing *Matter of Wood*, 825 F.2d at 93 & n.15 (5th Cir. 1987)).

[38] *Id.* at 8–9.

[39] *Id.* at 9 (citing *Zale Corp.*, 62 F.3d at 753).

[40] *Id.*

[41] *Id.* at 9–10 (quoting 28 U.S.C. § 1334(c)(2); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001)).

has already been commenced and can be timely adjudicated in a state court forum."[42] Here, Pinkozie argues that all requirements are met: (1) Pinkozie filed his motion for abstention within 30 days of Defendants' Notice of Removal; (2) Pinkozie only alleges state law claims; (3) the proceeding is "non-core" because it does not invoke any rights or claims under title 11; (4) there is no other independent basis for subject matter jurisdiction here; and (5) the proceeding was timely commenced in Louisiana state court.[43] Accordingly, Pinkozie alleges that even if this Court determines that it has jurisdiction, it is required to abstain and remand this matter to state court.[44]

### 3. Equitable Abstention and Permissive Remand

Even if the Court determines it has jurisdiction and that mandatory abstention does not apply here, Pinkozie asserts, the Court should decline jurisdiction under the Bankruptcy Code's equitable abstention and permissive remand provisions.[45] Pinkozie avers that there are thirteen factors for the Court to consider while determining if equitable remand and permissive abstention are appropriate:

> (1) forum *non conveniens;* (2) a preference for a bifurcated action to be tried in the same court; (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the court; (5) duplicative and uneconomic effort of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity; (8) a lessened possibility of an inconsistent result; (9) the presence in the proceeding of nondebtor parties; (10) the absence of any basis for jurisdiction other than section 1334; (11) the predominance of state law issues; (12) the degree of relatedness of the proceeding to the bankruptcy case; and (13) the likelihood of forum shopping.[46]

---

[42] *Id.* at 10 (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782–83 (E.D. Tex. 2001)).

[43] *Id.* at 10–11 (citations omitted).

[44] *Id.* at 11.

[45] *Id.* at 12 (citing 28 U.S.C. §§ 1334(c)(1) & 1452(b)).

[46] *Id.* (citing *Nase v. TECO Energy, Inc.*, No. 09-7659, 2010 WL 924290, at *4 (E.D. La. Mar. 9, 2010)

Here, Pinkozie asserts that the balance of factors favor remand.[47] For example, Pinkozie alleges that this is a localized controversy, all the parties and evidence are in Louisiana, Louisiana state court is more accustomed to deciding Louisiana state law claims, the relationship between Pinkozie's claims and the Debtors' bankruptcy estate is highly attenuated, and Pinkozie would be prejudiced by having to pursue his Louisiana action in a Texas venue.[48]

### 4.   Attorneys' Fees

Finally, Pinkozie alleges that the Court has the discretion to award attorneys' fees if it finds that removal to federal court was improper.[49] Here, Pinkozie alleges removal was done to delay these proceedings and caused Pinkozie to spend more time and money on this action than was necessary.[50]

## C.   *Defendant's Arguments in Opposition to Remand*

In opposition, Defendants argue that this Court should deny Pinkozie's motion to remand.[51]

### 1.   Subject Matter Jurisdiction

Defendants assert that, prior to filing his Petition in state court, Pinkozie first sent a letter and draft complaint to Defendants where Pinkozie named the Debtors as a defendant in the case, alleged that Defendants and the Debtors engaged in various wrongdoing, and requested damages

---

(Vance, J.)).

[47] *Id.*

[48] *Id.* at 12–13.

[49] *Id.* at 14.

[50] *Id.*

[51] Rec. Doc. 24.

against Defendants and the Debtors.[52]  Defendants aver that while Pinkozie omitted the Debtors as parties in this litigation in an attempt to avoid the bankruptcy court's jurisdiction, his Petition still incorporates by reference "all allegations" made in the adversary proceeding against Defendant Gregory Ricks in the bankruptcy court, to which the Debtors were also a party.[53]

According to Defendants, the Fifth Circuit has stated that a state court action is "related to" a bankruptcy proceeding when "the outcome of that [action] could *conceivably* have any effect on the estate being administered in bankruptcy."[54]  Defendants contend that it "strains credulity" for Pinkozie to assert that it is inconceivable that a Petition that incorporates by reference an entire bankruptcy adversary complaint alleging wrongdoing by the Debtors will not affect the Debtors' estate.[55]  For example, Defendants argue that the adversary complaint alleges that the Debtors "devised and executed a wide-ranging scheme to defraud its Investors," including Defendants, and by incorporating the entire complaint in Pinkozie's Petition, Pinkozie also makes the same allegation.[56]  Moreover, Defendants assert that the adversary complaint alleges that Defendant Gregory Ricks "aided and abetted [the Debtors] and were joint tortfeasors with [the Debtors] in defrauding the Investors;" thus, Defendants aver that Ricks faces liability from the Debtors for the exact same allegations that Pinkozie seeks in this case.[57]

---

[52] *Id.* at 2.

[53] *Id.*

[54] *Id.* (citing *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added)).

[55] *Id.* at 3.

[56] *Id.*

[57] *Id.* at 3–4.

Additionally, Defendants contend that upon transfer of this case to the Northern District of Texas, Defendants will add the Debtors as parties to this suit, whereby the proceeding would be deemed "arising in" the bankruptcy court proceeding and thus clearly within the bankruptcy court's jurisdiction.[58] Prior to that, Defendants argue that Pinkozie's omission of the Debtors as parties "in an attempt to escape the bankruptcy court's jurisdiction does not eliminate 'related to' jurisdiction."[59] Defendants argue that *Pacor* is non-binding case law, and is distinguishable because the plaintiff in that case did not incorporate by reference an entire adversary complaint, serve a draft petition with the debtor as a named party, or indicate that the debtor and defendant were accused of engaging in a fraudulent scheme to defraud the plaintiff.[60]

Furthermore, Defendants assert that in *In re Canion*, the Fifth Circuit found that an action by a judgment creditor of a bankrupt debtor filed against non-debtors, seeking to recover his claim against the debtor from the non-debtors, had a "conceivable" effect on the bankruptcy estate.[61] According to Defendants, the Fifth Circuit held that if the non-debtor prevailed, the "total amounts due on claims against [the] bankruptcy estate would be decreased,"[62] and that claims between non-debtors that may potentially reduce the bankruptcy estate's liabilities is sufficient to confer "related to" jurisdiction.[63] Here, Defendants argue that if Pinkozie succeeds in his action against

---

[58] *Id.* at 4.

[59] *Id.*

[60] *Id.*

[61] *Id.* at 5 (citing *In re Canion*, 196 F.3d 579, 581–82 (5th Cir. 1999)).

[62] *Id.* (citing *In re Canion*, 196 F.3d at 586).

[63] *Id.*

11

Defendants, it will conceivably reduce the Debtor's liabilities from investors like Defendants, as the Debtors have alleged a claim for contribution for Defendants role as joint tortfeasors.[64] Defendants contend that if Pinkozie prevails here, "he will be foreclosed from bringing the exact same claims against Debtors, thus negating the contribution claim asserted by Debtors against Ricks."[65]

### 2.     Mandatory Abstention

Second, Defendants contend that Pinkozie's action does not meet the requirements for mandatory abstention.[66] Defendants argue that because the Debtors are necessary parties to this action under Federal Rule of Civil Procedure 19, and this is therefore not a "non-core proceeding," mandatory abstention does not apply.[67] Defendants further assert that because Pinkozie alleges all of the adversary complaint's bankruptcy allegations, Pinkozie's claims are not only premised on state law.[68] Moreover, Defendants aver that Pinkozie's state court Petition was filed well after the Debtors' bankruptcy proceedings commenced, while mandatory abstention requires the state court action to be pending when the bankruptcy case was filed.[69] Defendants also argue that remanding this case would not ensure the claims can be "timely adjudicated in an alternate forum," but rather would prolong the proceedings.[70]

---

[64] *Id.*

[65] *Id.*

[66] *Id.* at 6.

[67] *Id.* (citing *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996)).

[68] *Id.*

[69] *Id.* at 7.

[70] *Id.* at 7–8.

### 3.    Equitable Abstention and Permissive Remand

Third, Defendants assert that the Fifth Circuit views permissive abstention as "an extraordinary measure—the exception, not the rule."[71] Defendants point out that, because Pinkozie incorporated by reference the entire adversary complaint, Pinkozie was incorrect that all the parties and proof required for this litigation are in Louisiana.[72] Defendants further argue that the Debtors should be a party to this case, and they are located in Texas.[73]

Defendants aver that the other factors to consider for permissive abstention also weigh against abstention.[74] For example, Defendants point out that the bankruptcy court in the Northern District of Texas has a high level of expertise regarding the underlying scheme in Pinkozie's claims, and it would be duplicative for a Louisiana state court to consider the same allegations made in the adversary complaint in state court and raise the possibility of inconsistent results.[75] Moreover, Defendants argue that Pinkozie is forum shopping by attempting to avoid the bankruptcy court's jurisdiction.[76]

### 4.    Attorneys' Fees

Finally, Defendants allege that an award of attorneys' fees for improper removal is only available if the defendant "lacked objectively reasonable grounds to believe removal was legally

---

[71] *Id.* at 9 (quoting *Matter of Al Copeland Enter.*, 153 F.3d 268, 271 (5th Cir. 1998) (internal quotations omitted)).

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.* at 9–10.

[76] *Id.* at 10.

proper."[77]  Here, Defendants argue that they had objectively reasonable grounds to remove this case, as shown by the arguments in their memorandum in opposition to this motion and other filings.[78]

### D.  *Pinkozie's Reply in Further Support of Remand*

### 1.  Subject Matter Jurisdiction

In reply, Pinkozie asserts that this case is not related to the bankruptcy proceeding because Pinkozie has filed a "stand-alone Louisiana state law cause of action against Louisiana defendants in Louisiana state court."[79]  Pinkozie states that while he considered filing his own claims against the Debtors before, he ultimately opted to not do so.[80]  Pinkozie argues that prior "draft" petitions have no effect on what was ultimately filed, and are irrelevant because jurisdiction is determined at the time a suit is filed.[81]  Moreover, Pinkozie contends that his state court Petition expressly incorporated all "allegations" contained in the Trustee's adversary complaint against Defendant Ricks, and not all "allegations *and* legal claims."[82]  Additionally, the chapter 11 Trustee's adversary complaint seeks to recover "for harm caused to *the estate*" by Defendant Ricks' actions, while here Pinkozie seeks to recover for the harm he suffered as a result of Defendants' actions towards him.[83]  Pinkozie further argues that the case cannot be "related to" the Debtors' bankruptcy

---

[77] *Id.* at 11 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)).

[78] *Id.*

[79] Rec. Doc. 29 at 2.

[80] *Id.*

[81] *Id.*

[82] *Id.* at 3 (emphasis in original).

[83] *Id.*

14

proceeding because, given Louisiana's rules of comparative fault and contribution, the outcome of Pinkozie's action will not bind or impact the Debtors.[84]

Moreover, Pinkozie alleges that the Fifth Circuit has adopted *Pacor*'s holding that a "mere precursor to the potential third party claim for indemnification by the non-debtor defendant against the debtor" is not sufficient for a claim to be related to the bankruptcy proceeding.[85] By contrast, Pinkozie asserts that the cases cited by Defendants that Pinkozie's claims will reduce the liabilities of Debtors' bankruptcy estate are distinguishable, as each involved a form of mandatory indemnity or reimbursement agreement between the non-debtor defendant and debtor.[86] Here, however, Pinkozie argues that Defendants have not shown there is any contractual agreement or legal principle that would require the reimbursement from the Debtors.[87]

Additionally, Pinkozie avers that Defendants' argument that this case "aris[es] in" the bankruptcy court proceeding also fails.[88] Pinkozie argues that Defendants did not invoke "arising in" jurisdiction in their Notice of Removal, and that "arising in" jurisdiction only applies to "core" bankruptcy proceedings that arise under title 11 or in a case under title 11.[89] Here, Pinkozie asserts that he only alleges state law causes of action against non-debtor Defendants, which do not arise under title 11, or arise in a case under title 11.[90] Moreover, Pinkozie contends that the Debtors are

---

[84] *Id.* at 6.

[85] *Id.* at 5–6.

[86] *Id.* at 6–7 (citations omitted).

[87] *Id.* at 7.

[88] *Id.* at 4.

[89] *Id.*

[90] *Id.*

not defendants in this case and were not defendants at the time of removal; thus, Pinkozie asserts that Defendants' argument that the Debtors will be made parties to the case in the future is irrelevant and "pure speculation."[91] Pinkozie also points to his arguments in his opposition to Defendants' motion to dismiss, where he asserted that the Debtors are neither a "required" nor "indispensable" party to this case under Rule 19 because the Court can fairly and expeditiously provide complete relief between Pinkozie and Defendants without the Debtors' involvement.[92] According to Pinkozie, Louisiana Civil Code follows a comparative fault system, and thus Defendants would only be responsible for their own liability regardless of whether the Debtors are defendants in Pinkozie's case.[93]

## 2.    Mandatory Abstention

Pinkozie contends that none of Defendants' reasons for why mandatory abstention should not apply here have merit.[94] Pinkozie states that Defendants are wrong that Pinkozie's claims are not premised on state law, as he has clearly only asserted six claims based purely on Louisiana state law.[95] Pinkozie avers that merely incorporating the allegations of the Trustee's complaint does not mean that Pinkozie is asserting those same legal claims as the bankruptcy estate did.[96] Moreover, Pinkozie asserts that recent cases demonstrate that mandatory abstention applies to

---

[91] *Id.*

[92] *Id.* at 4–5 (citing Rec. Doc. 17 at 4, 7).

[93] *Id.* at 5.

[94] *Id.* at 7–8.

[95] *Id.* at 8.

[96] *Id.*

cases filed after a bankruptcy proceeding has been initiated.[97]

### 3.      Permissive Abstention

Pinkozie further argues that all evidence that he is aware of that support his state law claims against the Louisiana Defendants are in Louisiana.[98]  Thus, Pinkozie alleges that Defendants have not identified any reason why the Northern District of Texas is a more appropriate forum for this dispute.[99]

### 4.      Attorneys' Fees

Pinkozie argues that an award of attorneys' fees is appropriate here, as Defendants knew that the Debtors were not a party to the case in state court when they removed this case and knew that Defendants could not claim contribution from the Debtors yet.[100]

## III. Law and Analysis

### A.      *Legal Standard*

Under 28 U.S.C. § 1452, a party may remove any claim or cause of action to the appropriate district court if the court has jurisdiction over the matter under 28 U.S.C. § 1334. 28 U.S.C. § 1334 provides for four types of cases over which federal courts have bankruptcy jurisdiction: (1) "all cases under title 11"; (2) "proceedings arising under title 11"; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11.[101]  The first category refers to

---

[97] *Id.*

[98] *Id.* at 10.

[99] *Id.* at 11.

[100] *Id.*

[101] *See* 28 U.S.C. § 1334(a), (b); *Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987); *Union Oil Co. of California v. Shaffer*, No. 15-5475, 2016 WL 4161299, at *2 (E.D. La. Aug. 5, 2016) (Morgan, J.).

the bankruptcy petition itself, while the remaining three categories "identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts."[102] "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[103] A district court may refer any proceedings related to a case under title 11 to the bankruptcy judges for the district.[104]

The Fifth Circuit has noted that Congress did not define "related" matters, and has thus adopted the definition used by the Third Circuit Court of Appeals: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[105] "Related to" jurisdiction does not require an effect to be certain; rather, "jurisdiction will exist based on a finding of any conceivable effect."[106] Conversely, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."[107] Additionally, the Fifth Circuit held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[108] Thus, for jurisdiction

---

[102] *Matter of Wood*, 825 F.2d at 92.

[103] *Id.* at 93.

[104] *Matter of Zale Corp.*, 62 F.3d 746, 751 (5th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)).

[105] *Matter of Wood*, 825 F.2d at 93. *Matter of Zale Corp.*, 62 F.3d at 751 (citing *Celotex Corp.*, 514 U.S. at 307).

[106] *In re Canion*, 196 F.3d 579, 587 (5th Cir. 1999); *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 351 (M.D. La. 2015).

[107] *Celotex Corp.*, 514 U.S. at 308.

[108] *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995) (quotation marks and citations omitted).

to attach, "the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."[109] The Supreme Court has cautioned that a court's "related to" jurisdiction is not "limitless."[110]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[111] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[112] A district court's order remanding an action removed from state court is not reviewable on appeal, as a remand order completely divests federal courts of jurisdiction.[113]

**B.      Analysis**

In his motion, Pinkozie first argues that this matter should be remanded back to state court because his claims are not "related to" the Debtors' bankruptcy proceedings, and thus this Court lacks subject matter jurisdiction.[114] Pinkozie contends that his action is between two Louisiana

---

[109] *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999); *Firefighters' Ret. Sys.*, 541 B.R. at 351.

[110] *Celotex Corp.*, 514 U.S. at 308.

[111] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[112] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[113] *See* 28 U.S.C. § 1452 (providing that an order remanding a claim or cause of action related to bankruptcy cases "is not reviewable by appeal"); 28 U.S.C. § 1447 ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"). *See also Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (holding that it is "axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case").

[114] Rec. Doc. 16-1 at 1–2.

19

non-debtors and only asserts Louisiana state law claims.[115] Pinkozie points out that the Debtors were never made defendants in this case, and it is irrelevant that Pinkozie considered naming the Debtors as defendants prior to filing his Petition for Damages.[116] Pinkozie further avers that the outcome of this litigation would not bind the Debtors, and that under *Pacor Inc. v. Higgins*, it is irrelevant if Defendants may eventually seek to join the Debtors through a third-party action or seek indemnification.[117] Moreover, Pinkozie argues that he only incorporated the allegations from the adversary proceeding pending in bankruptcy court, not the legal claims, and that incorporating facts from a bankruptcy court adversary proceeding is not sufficient to make an action "related to" the bankruptcy.[118]

In response, Defendants argue that a state court action is "related to" a bankruptcy proceeding when "the outcome of that [action] could *conceivably* have any effect on the estate being administered in bankruptcy."[119] Defendants contend that Pinkozie's first draft petition named the Debtors as defendants in this case and alleged that Defendants and Debtors both engaged in various wrongdoing.[120] Defendants aver that Pinkozie also incorporated by reference "all allegations" that were made in an adversary proceeding against Defendant Gregory Ricks in the bankruptcy court.[121] Additionally, Defendants assert that they will add the Debtors as parties

---

[115] Rec. Doc. 29 at 2.

[116] Rec. Doc. 16-1 at 4, 8.

[117] *Id.* at 8–9 (citing 743 F.2d 984, 985–86 (3d Cir. 1984)).

[118] *Id.* at 9.

[119] Rec. Doc. 24 at 2 (citing *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added)).

[120] *Id.*

[121] *Id.*

to this suit upon transfer to the Northern District of Texas.[122] Defendants argue that Pinkozie's omission of the Debtors as parties "in an attempt to escape the bankruptcy court's jurisdiction does not eliminate 'related to' jurisdiction."[123] Here, Defendants argue that if Pinkozie succeeds in his action against Defendants, it will conceivably reduce the Debtor's liabilities from investors like Pinkozie, as the Debtors have alleged a claim for contribution for Defendants role as joint tortfeasors.[124]

As a preliminary matter, Defendants aver that because Pinkozie incorporated all "allegations" of the chapter 11 Trustee's adversary proceeding complaint against Defendant Gregory Ricks and several hundred other defendants filed in the United States Bankruptcy Court for the Northern District of Texas ("Adversary Complaint"), he also incorporated the causes of action from the Adversary Complaint as well.[125] The Court finds this argument unpersuasive. Pinkozie's Petition clearly asserts only six state law causes of action against Defendants in this matter.[126] Pinkozie has made clear that his Petition only incorporates the factual "allegations" made in the Adversary Complaint, and not the causes of action asserted by the chapter 11 Trustee.[127] Moreover, the Court notes that Pinkozie could not bring most, if not all, of the Adversary Complaint's causes of action, as they are largely Texas state law claims specific to the

---

[122] *Id.* at 4.

[123] *Id.*

[124] *Id.*

[125] *See* Rec. Doc. 24 at 2–3.

[126] Rec. Doc. 1-3 at 8-14.

[127] Rec. Doc. 29 at 3.

Debtors' estate.[128]

Accordingly, it is clear that this is an action between non-diverse parties asserting purely state law claims.[129] Therefore, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Thus, the Court will consider whether jurisdiction exists pursuant to 28 U.S.C. § 1334, which defines jurisdiction for bankruptcy cases.[130] Section 1334(b) provides that "district courts . . . have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[131] Here, because this litigation is between only non-debtor parties asserting state law claims, 28 U.S.C. § 1334(b) requires, at minimum, that this civil matter be "related to" the bankruptcy proceeding.[132]

In the Fifth Circuit, a matter is "related to" a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[133] More specifically, the Court must consider if the outcome in this case "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate."[134] "To fall within the

---

[128] *See, e.g.*, Rec. Doc. 9-5 at 67–70 (asserting an "actual fraudulent transfer" cause of action for the allegedly excessive commissions the Debtors paid to several hundred defendants).

[129] *See* Rec. Doc. 1-3.

[130] *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014).

[131] 28 U.S.C. § 1334(b).

[132] *See Matter of Wood*, 825 F.2d at 92–93. *See Matter of Zale Corp.*, 62 F.3d at 751 (noting that a third-party action between noncreditors and nondebtors must be "related to" the bankruptcy case in order for the court to have jurisdiction).

[133] *Matter of Walker*, 51 F.3d at 569 (citing *Matter of Wood*, 825 F.2d at 93); *see also In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (noting that the Supreme Court and multiple circuits have adopted this test).

[134] *In re Bass*, 171 F.3d at 1022 (quotation marks and citations omitted) ("This test is obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices

court's jurisdiction, the plaintiff's claims must affect the estate, not just the debtor."[135] Thus, the Fifth Circuit requires that "the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor and (2) have an effect on the administration of the estate" for jurisdiction to exist.[136]

The Supreme Court has made clear that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."[137] However, the Supreme Court has further cautioned that a court's "related to" bankruptcy jurisdiction is not "limitless."[138] The Fifth Circuit has also clarified that "related to" is a "term of art in bankruptcy jurisdiction, where its meaning is not as broad as it is in ordinary parlance where it means 'having some connection with.'"[139] According to the Fifth Circuit, the "related to" provision includes a causal component, whereby the instant proceeding "must be capable of affecting the bankruptcy estate for it to be 'related to' the bankruptcy."[140]

Overall, Defendants argue that this Court has "related to" jurisdiction here because: (1) a pre-filing draft of Pinkozie's Petition named the Debtors as defendants; (2) Defendants plan on

---

of action of the debtor, and (2) have an effect on the administration of the estate.").

[135] *Matter of Wood*, 825 F.2d at 94.

[136] *In re Bass*, 171 F.3d at 1022; *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 351 (M.D. La. 2015).

[137] *Celotex Corp.*, 514 U.S. at 308 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984)).

[138] *Id.*

[139] *In re Bass*, 171 F.3d at 1022.

[140] *Id.* at 1022–23.

adding the Debtors as parties to this matter if the case is transferred to the Northern District of Texas; (3) Pinkozie incorporated all "allegations" made in the Adversary Complaint, and the Debtors are a necessary party to this litigation; (4) the chapter 11 Trustee asserts a claim for contribution under Texas law against Defendant Ricks, which Defendants contends shows that Defendant Ricks "faces liability from Debtors for the exact same alleged damages which Pinkozie seeks in this case;" and, ultimately, (5) that if Pinkozie prevails on his action against Defendant Ricks, it will conceivably reduce the Debtor's liabilities to investors such as Pinkozie.[141] The Court will address each of Defendants' arguments in turn.

### 1.     The parties' pre- and post- removal actions

First, Defendants argue that this matter is "related to" the Debtors' bankruptcy proceeding because a pre-filing draft of Pinkozie's Petition named the Debtors as defendants and because Defendants plan on adding the Debtors as parties to this matter if the case is transferred to the Northern District of Texas.[142] The Court finds Defendants' arguments unpersuasive, as they do not demonstrate that the outcome of Pinkozie's case could have a conceivable effect on the Debtors' bankruptcy estate. First, it is well established that subject matter jurisdiction for a case removed from state court is determined when the federal court's jurisdiction is invoked, *i.e.* at the time of removal.[143] At the time of removal from state court to this Court, Pinkozie's petition only

---

[141] *See* Rec. Doc. 24 at 4–6.

[142] *Id.*

[143] *See In re Enron Corp. Sec.*, 535 F.3d 325, 336 (5th Cir. 2008) (noting that when "related to" jurisdiction under Section 1334 "actually existed at the time of . . . removal," then subsequent events cannot divest a district court of its jurisdiction) (quoting *Celotex*, 124 F.3d at 626)); *In re Canion*, 196 F.3d 579, 587 n.29 (5th Cir. 1999) ("Federal subject matter jurisdiction is tested when the jurisdiction of the federal court is invoked."). *See also Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) (holding that whether an action would have a conceivable effect on the bankrupt estate "is determined at the time a lawsuit is filed") (citing *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570–71 (2004)); *In re Celotex*

alleged state law claims against the non-debtor Defendants.[144] The fact that the Debtors were named as defendants in an unfiled draft of Pinkozie's Petition is insufficient to establish that this Court has jurisdiction under Section 1334. Defendants have only shown that Pinkozie *contemplated* naming the Debtors as defendants in his state court Petition, but Defendants have pointed to no authority to suggest that "related to" jurisdiction exists when a plaintiff only considered naming a debtor party as a defendant in a future action.

Similarly, neither the fact that Defendants will seek to add the Debtors as parties if the Court transfers the case nor the fact that Defendants may seek contribution or indemnification from the Debtors in a future action demonstrate that this Court has subject matter jurisdiction. As stated above, Defendants' post-removal conduct is insufficient to establish that jurisdiction existed at the time of removal. Moreover, courts have held that future potential litigation or claims by a defendant against a debtor do not establish that a court has "related to" jurisdiction over an action by a non-debtor plaintiff solely against the non-debtor defendant. For example, in *Pacor, Inc. v. Higgins*, the Third Circuit case that established the "related to" test adopted by the Fifth Circuit, the Third Circuit held that future potential actions by a defendant against a debtor cannot establish "related to" jurisdiction.[145]  In *Pacor*, the Third Circuit determined that a case that is "[a]t best . . . a mere precursor to the potential third party claim for indemnification" by the defendants against the debtors would have no effect on the bankruptcy estate, and thus there was no "related to"

---

*Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) (considering whether "related to" jurisdiction under Section 1334 existed at the time of removal to the district court).

[144] *See* Rec. Doc. 1-3.

[145] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984).

jurisdiction.[146]

### 2. Factual and legal overlap between Pinkozie's Petition and the Adversary Complaint

Second, Defendants argue that "related to" jurisdiction exists because of the significant factual and legal overlap between Pinkozie's allegations in his petition and the allegations in the Adversary Complaint.[147] Defendants assert that this proceeding may conceivably affect the Debtors' estate because Pinkozie incorporated all "allegations" made in the Adversary Complaint; the chapter 11 Trustee asserts a claim for contribution under Texas law against Defendant Ricks; and Pinkozie's success on this action could reduce the Debtor's liabilities from him on a future action.[148]

The Court first notes that Pinkozie and the chapter 11 Trustee allege separate and independent causes of action such that the outcome of Pinkozie's case would not have a conceivable effect on the bankrupt estate. In this litigation, Pinkozie alleges that *Defendants* held themselves out as investment and financial planning experts and that *Defendants* breached their fiduciary, contractual, and other duties to Pinkozie when they sold him fractional interests in the proceeds of certain life insurance policies.[149] In particular, Pinkozie alleges six Louisiana state law causes of action for conduct specific to Defendants in this case: (1) Defendants allegedly breached their fiduciary duty to Pinkozie in their capacity as investment advisers;[150]

---

[146] *Id.*

[147] *See* Rec. Doc. 24 at 4–6.

[148] *Id.*

[149] Rec. Doc. 1-3 at 3.

[150] *Id.* at 8–9.

(2) Defendants allegedly breached their investment services contract with Pinkozie;[151]

(3) Defendants allegedly fraudulently induced Pinkozie into entering an investment services contract with Defendants;[152] (4) Pinkozie allegedly relied to his detriment on the representations and information of Defendants regarding the strength and viability of the Investments;[153] (5) Defendants allegedly violated Louisiana securities law by making misrepresentations and omissions about the Investments;[154] and (6) Defendants were unjustly enriched as a result of their relationship with Pinkozie.[155]  In other words, Pinkozie seeks to recover only against Defendants and only for Defendants' specific conduct committed while acting as Pinkozie's financial advisors, and Pinkozie does not assert any cause of action against both Defendants and the Debtors.

By contrast, the Adversary Complaint filed by the Debtors' chapter 11 Trustee in bankruptcy court brings causes of action specific to Defendant Ricks' conduct in relation to the Debtors.[156]  In particular, the chapter 11 Trustee requests that the defendant licensees in the adversary proceeding "be ordered to return the funds they received from Life Partners to the Debtor's Estate," a cause of action specific to the Debtors.[157]  Thus, it is clear that the chapter 11 Trustee asserts causes of action independent and distinct from Pinkozie's causes of action for Defendant Ricks' alleged misconduct towards each respective party. Defendants point to no

---

[151] *Id.* at 9–11.

[152] *Id.* at 11.

[153] *Id.* at 12.

[154] *Id.* at 13.

[155] *Id.* at 14.

[156] Rec. Doc. 24-1.

[157] *Id.* at 82.

authority for the proposition that Pinkozie's action would affect the Debtors' adversary proceedings.

In support of their position, Defendants generally point out that the Debtors are factually intertwined with this case, particularly since Pinkozie incorporated all allegations made by the chapter 11 Trustee in the Adversary Complaint. [158] However, the Fifth Circuit has determined that "[s]hared facts" between the two proceedings "do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy."[159] For example, in *Matter of Paso Del Norte Oil Company*, the Fifth Circuit concluded that the district court lacked jurisdiction to resolve a dispute regarding whether the defendants had fraudulently induced the plaintiff to sell the non-party debtors' stocks.[160] Despite the fact that ownership of the debtor corporations' stocks were the sole issue in dispute, the Fifth Circuit reasoned that, because the litigation involved neither the debtor nor its property, the matter was not "related to" the bankruptcy proceeding.[161] Similarly, in *Pacor*, the Third Circuit determined that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b)," as judicial economy does not justify federal jurisdiction.[162] This is further made clear from the fact that "related to" jurisdiction may be invoked only when

---

[158] Rec. Doc. 24 at 2–4.

[159] *Matter of Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995); *In re TMT Procurement Corp.*, 764 F.3d 512, 526 (5th Cir. 2014) (concluding that a common owner between a party to the litigation and the debtors is not sufficient to establish "related to" jurisdiction).

[160] 755 F.2d 421, 424 (5th Cir. 1985).

[161] *Id.*

[162] *Pacor*, 743 F.2d at 994.

the plaintiff's claims affect the *bankrupt estate*, not just the debtor.[163]

Defendants also point out that the chapter 11 Trustee brings a claim for contribution under Texas law and alleges that several hundred defendant licensees "aided and abetted Life Partners and were joint tortfeasors with Life Partners in defrauding the Investors."[164] However, Pinkozie does not assert any claims *against the Debtors* for which the Debtors' claim for contribution against Defendant Ricks would be implicated. As the Fifth Circuit has recognized, the "essential prerequisites for a contribution claim" under Texas law "are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability."[165] Thus, because Pinkozie is not seeking a judgment against the Debtors, the Debtors' action for contribution from Defendant Ricks is not implicated, and the outcome of this case would not affect the Debtors' estate.

Accordingly, Defendants' reliance on the Fifth Circuit decision in *In re Canion* is misplaced. In that case, the Fifth Circuit determined that "related to" jurisdiction existed because the plaintiff's action seeking to collect a judgment held against the debtor from the defendants could directly lower the total amounts due from the bankruptcy estate.[166] Here, however, Defendants have not shown that the outcome in this case would directly have any effect on the Debtors or directly reduce the total amounts due to or from the bankruptcy estate. Likewise,

---

[163] *See Matter of Zale Corp.*, 62 F.3d 753 (determining that it is "the relation of dispute to estate, and not of party to estate, that establishes jurisdiction" (citations and quotation marks omitted)); *In re Boone*, 52 F.3d 958, 961 (11th Cir. 1995).

[164] *See* Rec. Doc. 24-1 at 75.

[165] *Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002) (citing *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex. 1987); *FDIC v. Niblo*, 821 F.Supp. 441, 457 (N.D. Tex. 1993)).

[166] *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

Defendants' citation to *In re Brooks Mays Music Co.* is unpersuasive, because, in that case, the bankruptcy court for the Northern District of Texas determined that "related to" jurisdiction existed due to the pre-existing indemnification agreements between the defendants and the debtor.[167] Here, Defendants have not pointed to any pre-existing indemnification agreements between the Defendants and the Debtors that would be implicated by Pinkozie's action.

By the same token, the Court notes that Defendants' assertion that, "if Pinkozie prevails in this case, he will be foreclosed from bringing the exact same claims against Debtors" is of no moment. Here, Pinkozie is alleging that Defendants breached their fiduciary duty to Pinkozie, and any claims that Pinkozie may have against the Debtors are not before this Court. The Court can only consider the claims that existed at the time of removal when determining whether subject matter jurisdiction exists. Moreover, Defendants have not pointed to any authority to show that Pinkozie's litigation has foreclosed any claim he may have against the Debtors or why Pinkozie would be foreclosed from making the choice to assert claims against Defendants and not the Debtors for Defendants' particular conduct.

Defendants further assert that the action is at least "related to" the bankruptcy proceedings because, according to Defendants, the Debtors are necessary parties to this litigation, as Pinkozie incorporated the allegations from the Adversary Complaint and Pinkozie's case is also premised on the Debtors' alleged wrongdoing.[168] The Court finds this argument unavailing, as Pinkozie has alleged distinct claims against Defendants. Moreover, the Fifth Circuit has determined that joint

---

[167] 363 B.R. 801, 813 (Bankr. N.D. Tex. 2007).

[168] Rec. Doc. 24 at 4.

tortfeasors are not necessary parties under Federal Rule of Civil Procedure 19.[169] Under Rule 19, Defendants must show that (1) the Court cannot grant complete relief among the existing parties without the Debtors or that (2) the Debtors' absence from this litigation would impair its ability to protect its interests or expose an existing party to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."[170] Defendants have not done so here. Defendants have not demonstrated that the Court cannot grant complete relief to Pinkozie with the current parties for Pinkozie's state law claims premised on the Defendants' alleged misconduct. Moreover, even assuming that Defendants could face multiple liability from Pinkozie's and the chapter 11 Trustee's respective actions, Defendants have not articulated how that would affect the Debtors' estate. In other words, Defendants have not asserted any reason that, if both the Debtors and Pinkozie were successful in their actions against Defendant Ricks, the Debtor's estate would not be able to fully recover on its independent causes of action such that this Court would have jurisdiction. Additionally, the Court notes that, even if the Debtors were a necessary party, joinder is not feasible while the bankruptcy court's automatic stay is in place. Thus, Rule 19 requires the Court to only consider whether, "in equity and good conscience," the action should proceed without the Debtors or be dismissed, and not if the matter should be transferred to another venue.[171]

The Court further notes that this action would not have an effect on the Debtors' estate because it does not appear that the outcome of this litigation against Defendants would bind the

---

[169] *See Aug. v. Boyd Gaming Corp.*, 135 F. App'x 731, 734 (5th Cir. 2005) (determining that joint tortfeasors are not necessary parties); *see also* La. Code of Civ. P. art. 641 ("Joinder of parties needed for just adjudication," providing for a similar necessary party analysis).

[170] Fed. R. Civ. P. 19(a).

[171] Fed. R. Civ. P. 19(b).

Debtors or determine their rights, liabilities, options, or freedom of action.[172] In *Pacor*, the Third Circuit noted that since the debtor was not a party to the action between two non-debtors, it could not be bound by res judicata or collateral estoppel, and thus there would be no conceivable effect on the bankrupt estate.[173]

Here, the Debtors similarly would not be bound by res judicata or collateral estoppel arising from Pinkozie's Louisiana state court action. As the Supreme Court has made clear, federal courts must "refer to the preclusion law of the State in which judgment was rendered" to determine the preclusive effect of a state court judgment.[174] Thus, because Pinkozie filed his Petition in Louisiana state court, Louisiana law would determine what preclusive effects, if any, would arise from his Louisiana state court action if remand is ordered.[175] In Louisiana, pursuant to Louisiana Revised Statute § 13:4231, five elements must be satisfied to preclude a second action under the theory of res judicata:[176]

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter

---

[172] *See In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

[173] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984).

[174] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (quoting 28 U.S.C. § 1738); *see also Matter of Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996) (holding that courts "must look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect").

[175] *See In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005) (determining that, because the underlying judgment was from a Louisiana state court, Louisiana issue preclusion rules would apply).

[176] The Court notes that the Louisiana doctrine of res judicata was amended in 1990 to embrace both issue preclusion and collateral estoppel. *See Contogouris v. Ocean Therapy Sols., LLC*, 2015-0472 (La. App. 4 Cir. 1/27/16), 187 So. 3d 18, 22 (citing La. Rev. Stat. § 13:4231). Thus, "Louisiana Revised Statute § 13:4231 embraces the broad usage of the phrase 'res judicata' to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Maschek v. Cartemps USA*, 2004-1031 (La. App. 4 Cir. 2/16/05), 896 So. 2d 1189, 1193.

of the first litigation.[177]

In particular, the Court notes that Louisiana state courts have made clear that "[w]ithout identity between the parties in the first and subsequent actions, an exception of res judicata will not be maintained."[178] Relatedly, Louisiana Code of Civil Procedure article 425(A) provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Louisiana courts have further held that Article 425(A) "operates in tandem with the res judicata statutes and they must be read *in para materia*," meaning that "[a]ll of the elements of *res judicata,* such as identity of parties, must be met for an exception to enforce La. C.C.P. art. 425 to be maintained."[179] Courts and commentators have noted that, while Louisiana amended its res judicata law in 1991 to include both issue preclusion and claim preclusion, Louisiana law differs from many states and federal law in that it "still require[s] mutuality; that is, it is only applicable if the parties to the first and second actions are the same or there is identity of parties."[180] Thus, as one Louisiana court of appeals has held, "a judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings."[181] Likewise, as another Louisiana court of appeals

---

[177] *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053; *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co.*, 2014-0641 (La. App. 4 Cir. 11/19/14), 154 So. 3d 683, 689.

[178] *See Ward v. State Dep't of Transp. & Dev. (Office of Highways)*, 43,948 (La. App. 2 Cir. 1/28/09), 2 So. 3d 1231, 1234 (citing *Hudson v. City of Bossier*, 33,620 (La. App. 2d Cir. 8/25/00), 766 So.2d 738).

[179] *Id.* at 1235.

[180] *Williams v. City of Marksville*, 2002-1130 (La. App. 3 Cir. 3/5/03), 839 So. 2d 1129, 1132; *see also* M. David Kurtz & Mark W. Frilot, *Res Judicata in Louisiana: A Synthesis of Competing Interests*, 53 La. B.J. 445, 446–48 (2006) (noting that Louisiana's requirement that the parties must be identical in both suits for either claim preclusion or issue prelusion to apply "differs from many states and federal law, which allow non-mutual issue preclusion where the party to the first action had the same incentive to advance a position as the party against whom issue preclusion is being asserted").

[181] *Hudson v. City of Bossier*, 33,620 (La. App. 2 Cir. 8/25/00), 766 So. 2d 738, 743, *writ denied*, 2000-2687

concluded, "[u]nder issue preclusion or collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action *between the same parties*."[182]

Here, the burden to show that removal was proper lies with Defendants, and they have not demonstrated that Pinkozie's state law action against Defendants for their specific conduct would have an effect on the Debtors' estate or the chapter 11 Trustee's causes of action under Louisiana preclusion law. First, as stated *supra*, Louisiana's res judicata law provides that final judgments are "conclusive between the same parties," and any issue litigated and determined is conclusive "in any subsequent action between [the same parties.]"[183] However, Defendants have not shown that identity of the parties would exist in an action involving the Debtors, as any current or subsequent action between Defendants and the Debtors or between Pinkozie and the Debtors would necessarily involve different parties than the instant litigation.

The Court finds the Fifth Circuit's analysis in *Sosebee v. Steadfast Ins. Co.* to be persuasive here.[184] In *Sosebee*, a plaintiff filed a claim against a debtor in bankruptcy court and a separate action against the debtor's insurer in district court.[185] The Fifth Circuit considered the question of what possible res judicata or collateral estoppel effect a judgment in the civil action against the

---

(La. 11/27/00), 775 So. 2d 450.

[182] *Id.* (emphasis added); *See also Williams*, 839 So. 2d at 1131.

[183] La. Rev. Stat. § 4231.

[184] 701 F.3d 1012, 1017 (5th Cir. 2012).

[185] *Id.* at 1017–18, 1023–24.

insurer would have on the plaintiff's claim in the bankruptcy case under Louisiana law.[186] The Fifth Circuit noted that if claim preclusion applied, then the judgement in the civil action would be dispositive in the bankruptcy case as to the amount of the debtor's obligation to the plaintiff.[187] However, the Fifth Circuit determined that, because the debtor was not a party to the civil action, claim preclusion did not apply, and issue preclusion would likewise not bar re-litigating the issues decided in the civil case in the bankruptcy case.[188] "Unlike the federal issue preclusion rules, Louisiana still requires mutuality for issue preclusion."[189] Here, as was the case in *Sosebee*, Defendants have not shown that complete identity of the parties would exist in an action with the Debtors such that claim preclusion or issue preclusion would exist.

Moreover, it is clear that in this litigation Pinkozie asserts only Louisiana state law claims arising from the non-debtor Defendants' own alleged misconduct as Pinkozie's financial advisors, such as Defendants' alleged breach of their fiduciary duties and contractual obligations to Pinkozie and Defendants' alleged misrepresentations.[190] By contrast, Defendants have not sufficiently articulated how these specific claims for Defendants' alleged actions would result in any preclusive effect against the Debtors or otherwise affect the Debtors' estate.

In conclusion, the Court notes that the burden to establish subject matter jurisdiction is on the removing party, and that "doubts regarding whether removal jurisdiction is proper should be

---

[186] *Id.* at 1025–26.

[187] *Id.* at 1026.

[188] *Id.*

[189] *Id.*

[190] Rec. Doc. 1-3 at 8–14.

resolved against federal jurisdiction."[191]  Here, Defendants have not demonstrated that Pinkozie's state law claims against the non-debtor Defendants would have any conceivable effect on the Debtors' estate or shown how this action's outcome could alter the Debtors' rights, liabilities, options, or freedom of action and impact the handling and administration of the bankrupt estate. Thus, the Court finds that there is no claim asserted by Pinkozie upon which Defendants can establish "related-to" jurisdiction under 28 U.S.C. § 1334.[192]  Therefore, the Court finds that it lacks subject matter jurisdiction over the case and will remand this matter back to state court.

### 3.    Attorneys' Fees

Finally, Pinkozie asserts that the Court should exercise its discretion to award attorneys' fees to Pinkozie as Defendants' removal of this case to federal court was legally improper and done to delay these proceedings.[193]  28 U.S.C. § 1447(c) provides that"[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[t]here is no automatic entitlement to an award of attorney's fees."[194]  Rather, a court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal."[195]  Here, based on the foregoing analysis, the Court cannot conclude that Defendants lacked an objectively reasonable grounds to believe that removal was proper.

---

[191] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[192] *See Arnold v. Garlock Inc.*, 288 F.3d 234, 238 (5th Cir. 2002).

[193] *Id.* at 14.

[194] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (quoting *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees)).

[195] *Id.* (quoting *Howard v. St. Germain,* 599 F.3d 455, 457 (5th Cir.2010) (per curiam) (citations omitted)).

Accordingly, the Court will deny Pinkozie's request for attorneys' fees.

## IV. Conclusion

Based on the foregoing, the Court finds that this case is not "related to" the Debtors' bankruptcy action as defined in 28 U.S.C. § 1334, because the outcome of Pinkozie's state law claims against non-debtor Defendants for Defendants' specific alleged misconduct would not conceivably have any effect on the estate being administered in bankruptcy.[196] Moreover, Defendants have not demonstrated that this action's outcome could alter the Debtors' rights, liabilities, options, or freedom of action and impact the handling and administration of the bankrupt estate.[197] Thus, this Court finds that it lacks subject matter jurisdiction in this case, and that remand to state court is appropriate.[198] Additionally, because the Court cannot conclude that Defendants lacked an objectively reasonable grounds to believe that removal was proper, Pinkozie's request for attorney's fees pursuant to 28 U.S.C. § 1447 is denied. Accordingly,

---

[196] *Matter of Zale Corp.*, 62 F.3d 746, 751 (5th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)).

[197] *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995) (quotation marks and citations omitted).

[198] *See* 28 U.S.C. § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."); 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS HEREBY ORDERED** that Pinkozie's "Motion to Remand"[199] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is remanded to the 24th Judicial District Court for Jefferson Parish, State of Louisiana.

**IT IS FURTHER ORDERED** that Pinkozie's request for attorney's fees is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this _20th_ day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[199] Rec. Doc. 16.